STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
DANIEL ZIMMER, PLAINTIFF IN ERROR.

Submitted October 4, 1938—Decided February 7, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
HEHER.

For the defendant in error, *William A. Wachenfeld,* prosecutor of the pleas, and *C. William Caruso,* legal assistant prosecutor.

For the plaintiff in error, *Harold Simandl.*

PER CURIAM.

The plaintiff in error stands convicted of assault and battery. The entire record of the proceedings in the court below was returned with the writ of error and the bill of exceptions. *R. S.* 2:195-16. Five points or assignments of error are argued in the brief of the plaintiff in error in addition to the general assignment that the verdict was contrary to the weight of the evidence. They will be considered separately.

(1) The court's comment, in its charge to the jury, upon the failure of the defendant to take the stand, is assigned as error.

It is argued that there was no direct evidence to prove that the defendant committed the assault and battery upon the complaining witness; that the state depended entirely upon circumstantial evidence and therefore it was not necessary for the defendant to take the stand in his own defense. The defense offered in the case was an alibi, certain witnesses testifying that the defendant was elsewhere at the time the crime was committed. The state offered testimony from which the jury might have legitimately found that the complaining witness, Westcott, a truck driver, was, on February 10th, 1938, a truck driver's strike being in progress, set upon and struck by a baseball bat in the hands of the defendant. The assault and battery was done in the yards of the American Stores Company in Orange, New Jersey. The culprits arrived at the place in a small dark automobile. Only the first two numerals of the license plate were seen at the time this car was being driven hastily away, after the commission of the crime, and these were "E-95——." The defendant and others, at the time of their apprehension by the police, were riding in a car, the license plate number of which was E-95571. There was evidence that the defendant was the

driver of that car at the time. It was also testified by a police officer that when the defendant was arrested he asked the police officer "to give him a break" and said that he himself was an "ex-cop." These and other items of proof the defendant might have denied. These facts concerned the acts of the defendant and on his oath he could have denied them if they were untrue, and his failure to do so justified the trial court saying to the jury, that that "raises a strong presumption that he could not deny them." See *State* v. *Boccadoro,* 105 *N. J. L.* 353.

(2) The next point argued for reversal is that the trial court in its charge erroneously charged the jury as follows: "Now in your capacity as jurors you are not only triers of the facts, but you have a right to draw inferences from the testimony and circumstances, and if you are not satisfied beyond a reasonable doubt, by reason of the circumstances of the case, of the guilt of the defendant, you *may* so find."

The alleged vice in the charge is the italicized word "may." Of course, the court should have said "you shall" or "you must so find." We have carefully examined the entire charge and we are of the opinion that the jury was not misled by the inadvertence of the trial judge. Presumption of innocence of the defendant and a definition of reasonable doubt were amply charged. Certain requests to charge, on the part of defendant, were charged in the language of defense counsel, as written, and these in strong, definite terms, stressed presumption of innocence and reasonable doubt and that if reasonable doubt be present in the jury's mind the defendant "is entitled to an acquittal." In the circumstances, we do not think that any "manifest wrong or injury" was done the defendant by this assignment of error. We do not mean to approve language of any charge in a criminal case that would tend to weaken the requirement of our law that the guilt of the defendant must be proved beyond a reasonable doubt. It is the duty of a trial judge to guard very carefully the rights of a defendant in this respect, and we find this point does not warrant a reversal only because we are convinced that in the light of the entire charge it would be unreasonable to conclude

that the jury had been misled and that the defendant suffered manifest wrong or injury thereby.

(3) It is next said that the court erred in rejecting two requests to charge submitted by the defendant. The first was amply charged. There was no need to cover the subject again or to adopt the language of the request as submitted by counsel. *State* v. *Rusnak*, 108 *N. J. L.* 84. The second was properly rejected by the trial court.

(4) It is next said that the court erred in admitting in evidence a statement of the complaining witness, Clifford Westcott, made to the police shortly after the assault and battery had been committed. In our opinion, it was rightly admitted. At the trial Westcott said he could not identify any of the trio brought in by the police at the time the crime was committed, yet in the statement made to the police, after he saw the trio in the Orange police headquarters, he said, "there I identified one, a stocky built man with a gray overcoat and gray cap as the man who beat me up with a club * * *." The state's attorney alleged surprise and offered the statement to neutralize the adverse testimony, and the court, in its discretion, received the statement. This was not error. *State* v. *D'Adame*, 84 *N. J. L.* 386.

(5) It is urged that the court erred in admitting testimony of the witness, Vincent Szabo, to the effect that he, too, was assaulted at the same time as Westcott and that it was error to receive a piece of a baseball bat as evidence. Not so. Szabo was the co-worker of complainant, Westcott. Both were attacked at the same time with bats. The testimony and the exhibits were properly received as part of the *res gesta*.

It is next said that the verdict was contrary to the evidence. The evidence in the main was circumstantial. There was sufficient evidence to justify the jury's finding. An appellate court will not set aside a verdict in a criminal case as against the weight of evidence unless it appears clearly that the finding is the result of mistake, prejudice, passion or partiality. *State* v. *Boccadoro, supra*.

Abiding by this rule, we cannot say that the verdict in this case should be disturbed.

The judgment will be affirmed.